IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALFRIEDA SHEPARD, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:16-cv-8288 |
| v. | ) ) ) | Honorable Jorge L. Alonso |
| BMO HARRIS BANK, N.A., and KFORCE FLEXIBLE SOLUTIONS, LLC, | ) ) ) ) | Magistrate Judge M. David Weisman |
| Defendants. | ) | |

## FINAL APPROVAL AND DISMISSAL ORDER

This matter coming before the Court on the request of the Parties for final approval of the their Class Action Settlement Agreement and Release ("Settlement Agreement"), and for dismissal, and having considered the papers submitted to the Court and proceedings to date,

**THE COURT FINDS AS FOLLOWS:**

1. This Court has jurisdiction over the subject matter of the Action, the Plaintiff, the settlement members and the Defendants;

2. The parties have reached an agreement to settle all claims in the Action;

3. The Court concludes that the Plaintiff and the settlement class members are similarly situated for settlement purposes; and

4. The Court concludes that the proposed settlement is within the range of fairness, reasonableness and adequacy and meets the requirements for final approval.

**THEREFORE, IT IS HEREBY ORDERED:**

A. The Court gives final approval of the Settlement as fair, reasonable, and adequate to the Plaintiff and to the Class Members, and in their best interests, and in full compliance with

all requirements of due process and federal law. The Settlement is finally approved in all respects and its terms and provisions shall be consummated;

B. The Court hereby dismisses without prejudice (and shall dismiss with prejudice consistent with Sections P and Q of this Order) the litigation, all claims contained therein, and bars and permanently enjoins all Class Members from prosecuting any released claims against Defendants, except that the Settlement shall not impact the rights of any person who has timely and effectively requested exclusion from the settlement;

C. The Court finds that Plaintiff and Class Counsel adequately represented the settlement members for the purposes of entering into and implementing the Settlement;

D. The Court finds that the Claims Administrator, Dahl Administration LLC, has met the notice and claims administration requirements as set forth in the Settlement Agreement;

E. The Court approves the settlement payments to be made to each Class Member who did not request exclusion from the Settlement;

F. The Court approves the Service Award to each Named Plaintiff as compensation for his or her time and efforts in the amount of $7,500.00;

G. The Court finds that the Claims Administrator, Dahl Administration, LLC, has performed all of its obligations pursuant to the Settlement Agreement. Accordingly, the $8,157.00 in costs for claims administration, as provided in the Settlement Agreement, are approved and shall be paid to the Claims Administrator from the settlement monies.

H. The Court approves the payment of attorneys' fees, costs, and expenses to class counsel in the amount of $253,125.00 in attorneys' fees and $7,500.00 in costs. The attorneys' fees and costs award shall be distributed to Class Counsel in accordance with the terms of the Settlement Agreement;

I. The Final Effective Date of the Settlement Agreement shall be forty-five (45) days following the entry of this Final Approval Order, if no appeals are filed within that time frame. If any appeals are timely filed after the entry of the Final Approval Order, the Final Effective Date shall be the date upon which all appeals have been exhausted, waived, or dismissed with prejudice. No party to the Settlement Agreement may seek to void the Settlement Agreement in any manner other than through the appeal process.

J. Defendants shall fund the settlement no later than fifteen (15) days following the Final Effective Date.

K. Except as otherwise provided in the Settlement Agreement or herein, the settling parties are to bear their own attorneys' fees and costs;

L. The Court orders that any settlement member who did not timely submit a request to opt-out of settlement is bound by the terms of the Settlement Agreement and fully releases and discharges Defendants, and all other released parties set forth in the Settlement Agreement, from all actions or causes of action, whether known or unknown, that the parties agreed to release in the Settlement Agreement;

M. The Court finds that the one (1) individual identified by the Claims Administrator, as set forth by the Declaration of Kelly Kratz, as well as April Frost, have timely requested exclusion from the settlement class. These individuals are excluded from the settlement class, are not bound by the terms of the Settlement Agreement and are not entitled to participate in the monetary portion of the Settlement;

N. Neither this Order, the Settlement Agreement, nor any other documents or information relating to the settlement of this action shall constitute, be construed to be, or be admissible in any other proceeding as evidence: (a) of an adjudication of the merits of the case;

(b) an adjudication of any of the matters released in the Settlement Agreement; (c) that any party has prevailed in this case; or (d) that Defendants have engaged in any wrongdoing;

  O. This Court grants final approval of the Settlement;

  P. The above-captioned matter is dismissed without prejudice, without any cost to any of the parties except as provide in the Settlement agreement. The Court retains jurisdiction for sixty (60) days after entry of this Order for the sole purpose of implementation and enforcement of the terms of the Settlement; if no motion to enforce the settlement agreement has been filed on or before April 16, 2018, this action will be dismissed with prejudice effective April 17, 2018; and

  Q. If the terms of the previous paragraph have been satisfied, the Clerk is directed to enter final judgment and dismiss this case with prejudice on April 17, 2018.

ENTERED:

February 16, 2018              _____
                         Jorge L. Alonso
                         United States District Judge